UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EKUGBERE OWEN OWHE, et al,<br>Plaintiff,<br>v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br>Defendants. | Case No. 3:25-cv-00412-ART-CSD<br>ORDER ON MOTION TO DISMISS (ECF No. 44) |

On August 23, 2024, Plaintiffs Ekugbere Owen Owhe and Diana Shermaine Cooper requested a writ of mandamus compelling Defendants to adjudicate their I-130 petition and corresponding I-485 application. (ECF No. 1.) Defendants now move to dismiss the Complaint for lack of subject matter jurisdiction, arguing the case is moot because United States Citizenship and Immigration Services ("USCIS") completed the Plaintiffs' I-130 and I-485 processes.

## I. Factual Background

On May 19, 2021, Plaintiff Diana Shermaine Cooper filed an I-130 Petition for Alien Relative on behalf of Plaintiff Ekugbere Owen Owhe. (ECF No. 1 at 2.) The couple filed an accompanying I-485 Application for Adjustment of Status on Plaintiff Ekugbere Owen Owhe's behalf the same day. (*Id.*) Plaintiffs allege that they submitted timely responses to Requests for Evidence in connection with his application, but that USCIS has unreasonably delayed and refused to adjudicate his application to adjust status. Plaintiffs filed this complaint on August 23, 2024, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, seeking a write of mandamus to compel Defendants to adjudicate the I-130 Petition and accompanying I-485 Application. (*Id.*)

The Court granted the Parties' stipulation to stay the case while USCIS

adjudicated the Petition and Application on December 18, 2024. (ECF No. 23.) Plaintiffs' I-130 petition was approved on December 23, 2024. (ECF No. 47 at 14.) USCIS scheduled an interview for Mr. Owhe for the purposes of adjudicating the Form I-485 on May 21, 2025, and on May 28, 2025, USCIS issued a Request for Evidence asking Mr. Owhe to file a Form I-601, Application of Grounds of Inadmissibility, due to evidence suggesting that Mr. Owhe may have made a material misrepresentation to immigration officials to gain admission into the United States. (ECF No. 47 at 11.) Mr. Owhe submitted the Form I-601 on July 15, 2025, and it was denied on October 1, 2025. (*Id.*) Plaintiffs' I-485 application was subsequently denied on October 2, 2025. (*Id.* at 10.)

For the foregoing reasons, the Court lifts the stay to consider Defendants' motion because it has an independent obligation to confirm it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action[.]'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

## II. Legal Standard

### a. Motion to Dismiss

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. A complaint will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction if (1) the cause does not "arise under" any federal law or the United States Constitution; (2) there is no "case or controversy" within the meaning of that constitutional term; or (3) the cause is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481

(1984).

The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted).

**III. Analysis**

The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here, Plaintiffs contend Defendants had a duty to act on their Form I-130 and I-485.

Defendants assert that the petition should be dismissed pursuant to Rule 12(b)(1) because there is no justiciable case or controversy following the adjudication of Plaintiffs' petition and application. Plaintiffs attached copies of the denials to their response to the motion. (ECF No. 47 at 10.) USCIS concluded that Mr. Owhe was inadmissible because he willfully misrepresented material facts to obtain a visa under INA § 212(a)(6)(C)(i), and his Form I-601, Application for Waiver of Grounds of Admissibility, was denied. (*Id.* at 12.) While the decision is not appealable, Mr. Owhe can file a motion to reopen or a motion to reconsider under Form I-290B, Notice of Appeal or Motion. (*Id.*) Emails attached to Defendants' Motion to Dismiss indicate that Plaintiffs have initiated that process. (ECF No. 44-1 at 5.)

Instead of disputing jurisdiction in their response, Plaintiffs argue instead

that the Court should order Defendants to re-adjudicate their petition. (*Id.* at 2.) This relief, however, is not available under the Mandamus Act, because there is no outstanding duty to adjudicate the petition and application that the Court can compel. *See Kuzova v. U.S. Dep't of Homeland Sec.*, 686 F. App'x 506, 508 (9th Cir. 2017) (affirming dismissal on mootness grounds of claims for injunctive and declaratory relief based on unreasonable delay and actions in violation of the APA where applications were adjudicated (citing *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995))).

Therefore, the Court finds that Plaintiffs' mandamus claim is moot because there is no other relief that this Court can provide.

**IV. Conclusion**

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 44) is GRANTED.

It is further ordered that Plaintiffs' Complaint for writ of mandamus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

It is kindly directed that the Clerk CLOSE this case.

Dated this 21st day of July, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE